IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDRA PARADISE,<br>    Plaintiffs<br><br>v.<br><br>COMMONWEALTH FINANCIAL SYSTEMS, INC.,<br>    Defendants. | Case No. 3:13-cv-00001<br><br>(Judge Brann) |

**MEMORANDUM**

October 16, 2013

On June 17, 2013, plaintiff Alexandra Paradise (hereinafter, "Paradise") filed for an entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(1), which this Court will construe as a motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 10). The record shows that defendant Commonwealth Financial Systems, Inc. (hereinafter, "Commonwealth") was duly served (Certificate of Service, Jan. 31, 2013, ECF No. 6) and the clerk entered default on March 21, 2013 (ECF No. 9). To date, Commonwealth has not made an appearance in this matter.

Accordingly, entry of default judgment against Commonwealth is appropriate, see Anchorage Assoc. v. Virgin Islands Bd. Of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact

that the default has occurred."), with the upshot that "'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true,'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 Charles Alan Wright et al., Federal Practice & Procedure § 2688 (2d ed. 1983). When the allegations of the amended complaint (Jan. 24, 2013, ECF No. 5) are taken as true, they establish that Commonwealth made 126 telephone calls to Paradise in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

With respect to damages, Paradise is entitled to "actual monetary loss" caused by the violations, "or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). In this case, Paradise is entitled to $63,000.

The applicable statute also provides that, "[i]f the court finds that the defendant" acted "willfully or knowingly" in violating the law, then "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" Paradise's actual monetary loss or $1,500.  47 U.S.C. § 227(b). But even assuming that Commonwealth's violations were willful and/or knowing, the Court declines to exercise its discretion to increase Paradise's damage award.

At an October 1, 2013 hearing for the assessment of damages, Paradise testified that Commonwealth's calls were, all in all, "quite a bother," suggesting that the actual losses caused by the calls (including Paradise's efforts to inform

Commonwealth that it was calling the wrong person) were minor. Thus, $500 per call already represents a substantial punitive damages award. In the absence of any evidence showing that additional deterrence is necessary, the Court is confident that Commonwealth will be chastened by a $63,000 phone bill for 126 fruitless dialings of the wrong number.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge