IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDRA PARADISE | : | Case No. 3:13-cv-00001 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| COMMONWEALTH FINANCIAL | : | |
| SYSTEMS, INC. | : | |
| | : | |
| Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| FIDELITY DEPOSIT & DISCOUNT | : | |
| BANK, | : | |
| | : | |
| Garnishee. | : | |

**MEMORANDUM**

September 22, 2014

Before the Court are Defendant Commonwealth Financial Systems, Inc.'s

("Defendant") Motion to Vacate Default Judgment (ECF No. 25) and third-party

Garnishee Fidelity Deposit & Discount Bank's Motion for Interpleader (ECF No.

33). As elaborated below, the Defendant's Motion is denied because it failed to

demonstrate that it has a meritorious defense to Plaintiff's claims and that it was

not derelict in its duty to litigate. The Motion for Interpleader is denied without

prejudice.

1

## I.    BACKGROUND

Plaintiff Alexandra Paradise ("Plaintiff" or "Paradise") filed a Complaint (ECF No. 1) on January 1, 2013, alleging *inter alia* violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for debt collection phone calls that Defendant placed to Plaintiff's phone number.  Plaintiff was not the intended recipient of the calls.

Defendant accepted service of Plaintiff's Complaint via electronic mail to Matthew Healey ("Healy"), its compliance officer, on January 3, 2014.  Pl.'s Br. Opp'n 1, July 22, 2014, ECF No. 36 [hereinafter Pl.'s Br.].  The Parties then engaged in informal discovery and an email exchange, in which Defendant made a settlement offer.  After Plaintiff rejected the settlement offer, Healey wrote: "[t]hen proceed with judgment."  Pl.'s Br., Ex. C.

Plaintiff filed an Amended Complaint on January 24, 2013 (ECF No. 5). The Defendant did not respond.  Plaintiff then filed a Request for Entry of Default (ECF No. 8) and certificate of service, and the Clerk entered Default on March 21, 2013 (ECF No. 9).  The Court held a hearing on October 1, 2013 to assess damages, which it fixed at $63,000 (ECF Nos. 19, 20) and subsequently entered Default Judgment in favor of the Plaintiff on October 21, 2013(ECF No. 21).

Despite eleven months of silence after its initial communications in this case,

2

Defendant then filed the Motion to Vacate Default Judgment that is now before the Court (ECF No. 25).  Defendant seeks to vacate the Default Judgment and litigate the case.

## II.   DISCUSSION

A.   Motion to Set Aside Default Standard

Federal Rule of Civil Procedure 55(c) allows a court to "set aside an entry of default for good cause, and . . . set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c).  Rule 60(b) grants courts broad authority to provide relief from judgment for reasons including: 1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justified relief."  FED. R. CIV. P. 60(b).

Default judgments and "default [are] generally disfavored and [courts] have long indicated [the] strong preference that cases be decided on the merits."  Ruhle v. Hous. Auth. of City of Pittsburgh, 54 Fed. Appx. 61, 62 n.1 (3d Cir. 2002); see also Lai v. Garrubbo, Capece, D'Arcangelo, P.C., 233 Fed. Appx. 201, 201 (3d Cir. 2007); Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).  "If there is any doubt as to whether the default should be set aside, the court should err on the side of setting aside the default and reaching the merits of the case."  Accu-Weather, Inc. v. Reuters Ltd., 779 F. Supp. 801, 802 (M.D. Pa. 1991) (McClure, J.)

(citing <u>Zawadski de Bueno v. Bueno Castro</u>, 822 F.2d 416, 420 (3d Cir. 1987)).

Where default judgment has been granted, however, courts do consider motions to

set aside the judgment less liberally than to set aside a mere entry of default.  <u>See,</u>

<u>e.g.</u>, <u>Schartner v. Copeland</u>, 59 F.R.D. 653, 656 (M.D. Pa. 1973) <u>aff'd</u>, 487 F.2d

1395 (3d Cir. 1973).

     The Court has discretion in determining whether there is a reason justifying

relief, and evaluates a number of factors to that end including: "(1) whether the

plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense;

(3) whether the default was the result of the defendant's culpable conduct."  <u>U.S. v.</u>

<u>$55,518.05 in U.S. Currency</u>, 728 F.2d 192, 195 (3d Cir. 1984).[1]  The Defendant

bears the burden to demonstrate sufficient good cause.  <u>See, e.g.</u>, <u>Grow Tunneling</u>

<u>Corp. v. Conduit & Found. Co., Inc.</u>, 96-cv-3127, 1996 WL 411658, * 2 (E.D. Pa.

July 16, 1966).

    B.   <u>Merits</u>

       1.   <u>Defendant Does Not Offer A Facially Meritorious Defense</u>

     The primary dispositive issue is whether the Defendant can establish a

meritorious defense to the Plaintiff's claims.  This inquiry is critical because,

---

[1] The United States Court of Appeals for the Third Circuit has also considered a fourth factor, "the effectiveness of alternative sanctions," when applicable.  <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 73 (3d Cir. 1987).

without a meritorious defense, the Defendant could not prevail at trial and there would be little purpose in setting aside the default judgment.  See, e.g., $55,518.04 in U.S. Currency, 728 F.2d at 194–95.

"The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'"  Id. (quoting Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242, 244 (3d Cir. 1951)).  While a defendant need not establish "beyond a shadow of a doubt" that he or she will prevail at trial, "it is not enough for a defendant to allege only simple denials or conclusory statements."  Ewing & Kreiser, P.C. v. Stephens, 08-cv-5490, 2009 WL 1183347, *2 (E.D. Pa. May 1, 2009) (citing and quoting $55,518.05 in U.S. Currency, 728 F.2d at 195) (internal citations omitted).  Nevertheless, a defendant must merely "show that it has a defense to the action which at least has merit on its face."  Accu-Weather, Inc., 779 F. Supp. at 803.

In the case at bar, the Defendant asserts two affirmative defenses to Plaintiff's claims.  The first defense alleges that the Defendant was exempt from TCPA restrictions on calling cellular telephones because the Defendant had proper prior consent to do so.  See Def.'s Br. Supp. 5–6, Nov. 4, 2013, ECF No. 26 [hereinafter Def.'s Br.].  The second defense asserts that the TCPA does not apply to calls made for the purpose of debt collection that are not telemarketing.  See id.

5

at 6–7.  Neither of these assertions are availing.

a.    *Defendant Lacked Prior Consent From the Called Party*

The Defendant asserts that the TCPA provides an exemption from its restrictions on calling cellular telephones when the "called party" has obtained prior consent to call.  The pertinent statutory language reads:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service, . . . or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1).

Defendant alleges that it did retain consent from the debtor it was attempting to contact, who used the phone number at the time the Defendant obtained consent. The Defendant argues that consent is sufficient to invoke the exception to the statute's restriction, despite the fact that the Plaintiff, the party who used that phone number during the events of the instant litigation, did not provide her express consent.  This argument is unavailing in light of both the statutory text and persuasive precedent to the contrary.

Chief Judge Frank H. Easterbrook of the United States Court of Appeals for the Seventh Circuit examined this very issue writing for the court, which held that

a "called party" for the purposes of the exemption to the TCPA's restriction on

making automated calls to a cell phone is the person subscribing to the called

number at the time the call was made.  Soppet v. Enhanced Recovery Co., LLC,

679 F.3d 637, 641–42 (7th Cir. 2012).[2]  Judge Easterbrook engaged in a rigorous

statutory analysis to discern the meaning of a "called party" within the context of

the TCPA.  See id. at 639–642.  Judge Easterbrook compared the use of the term

among several different sections of the act in which it is used.  See id.

Notably, there is a distinction between the "called party" and the "intended

recipient" of the call, as the terms are used in the TCPA.  See id.  "[T]here is a

natural presumption that identical words used in different parts of the same act are

intended to have the same meaning."  Atl. Cleaners & Dryers, Inc. v. United States,

286 U.S. 427, 433 (1932) (Sutherland, J.).  Similarly, when a document uses a

certain term in one place, namely "called party," and a materially different term in

another place, namely "intended recipient," the context creates the presumption

that the different term denotes a different idea.  The "intended recipient," in this

case the Defendant's debtor, is not the "called party," in this case

---

[2] Many courts have subsequently embraced the Seventh Circuit's analysis of this issue.
See, e.g., Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014); Sterling v.
Mercantile Adjustment Bureau, LLC, 2014 WL 1224604 (W.D.N.Y. Mar. 25, 2014); Page v.
Regions Bank, 917 F. Supp. 2d 1214, 1219 (N.D. Ala. 2012).

Paradise—consequently the prior consent defense appears unavailing for the

Defendant.  See id.

> b.    *The TCPA Exemption for Debt Collection Applies to*
> *Calls Made to Land Lines, Not Cellular Telephones*

The Defendant's second asserted defense is that the TCPA's prohibitions do

not apply to calls made for the purpose of debt collection that do not qualify as

telemarketing.  Def.'s Br., at 6.  To assert this argument, the Defendant relies on a

case decided by Judge Caputo of this Court, who found that "the FCC has

determined that all debt-collection circumstances are excluded from the TCPA's

coverage."  Roy v. Dell Financial Servs., LLC, 3:13-CV-738, 2013 WL 3678551,

*3 (M.D. Pa. July 12, 2013), *appeal dismissed* (May 14, 2014) (citing Meadows v.

Franklin Collection Serv., Inc., 414 F. App'x 230, 235 (11th Cir. 2011).

Nevertheless, shortly after Judge Caputo's ruling, the United States Court of

Appeals for the Third Circuit unequivocally stated that the TCPA's exemptions for

debt collection calls "do not apply to cellular phones; rather, these exemptions

apply only to autodialed calls made to land lines."  Gager v. Dell Fin. Servs., LLC,

727 F.3d 265, 273 (3d Cir. 2013).

The Court wrote at length:

> At first glance, [the defendant's] argument appears correct: the FCC
> regulations implementing the TCPA permit certain types of autodialed debt
> collection calls . . . .  See, e.g., 47 C.F.R. § 64.1200(a)(2)(iii), (iv)

(exempting calls "made to any person with whom the caller has an established business relationship" and calls "made for a commercial purpose [that do] not include or introduce an unsolicited advertisement or constitute a telephone solicitation.").  However, [the defendant] fails to recognize that these these exemptions do not apply to cellular phones; rather, these exemptions apply only to autodialed calls made to land-lines.  See 47 C.F.R. § 64.1200(a)(2).  Therefore, the debt collection exemption invoked by [the defendant] is not applicable in this case.

Looking to the provisions of the TCPA that apply to autodialed calls to cellular phones and the exemptions promulgated by the FCC, it is clear that [the defendant's] argument is without merit.  The statutory provisions under which [the plaintiff] brought her claim bans the use of "any automatic telephone dialing system" to call "*any . . .* cellular telephone service."  47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).  The only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior consent.  See id. 47 C.F.R. § 64.1200(a)(1)(iii).  Unlike the exemptions that apply exclusively to residential lines, there is no established business relationship or debt collection exemption that applies to autodialed calls made to cellular phones.  Thus, the content-based exemptions invoked by [the defendant] are inapposite.

Gager, 727 F.3d at 273.

In the wake of this opinion, courts within the Third Circuit have adopted this result as the definitive statement of the law on the issue.  See, e.g., Fenescey v. Diversified Consultants, Inc., 3:14-CV-347, 2014 WL 2526571 (M.D. Pa. June 4, 2014) (Conaboy, J.); Forrest v. Genpact Servs., LLC, 962 F. Supp. 2d 734, 736 (M.D. Pa. 2013) (Nealon, J.).  Accordingly, the Defendant's assertion that the TCPA does not apply to its debt collection calls placed to the Plaintiff's cellular telephone is not a facially viable defense.

2.    Defendant's Culpable Conduct

In addition to the fact that Defendant lacks a facially meritorious defense, there is evidence in the record to suggest the Defendant's may have acted with callous disregard of this lawsuit.  First, the Defendant argues that its failure to file an answer to the Plaintiff's Complaint was simply a result of poor communication with its counsel.  Def.'s Br., at 7–8.  The evidence of record casts a dubious pall over the Defendant's contention in this respect.

The Plaintiff filed her Complaint against the Defendant on January 1, 2013; summons was issued electronically to Defendant on January 2, 2013; and the Defendant's compliance officer, Matthew Healey, accepted service of the Complaint on January 3, 2013.

On January 8, 2013, Defendant offered to settle the matter in an e-mail exchange; the Plaintiff rejected the offer, and the Defendant responded: "[t]hen proceed with judgment."  Pl.'s Br., Ex. C.  Even viewing the facts in a favorable light for the Defendant, this exchange demonstrates awareness of the instant suit and draws into question the Defendant's subsequent failure to litigate.

Defendant's second argument asserting that it is not culpable for the default judgment concerns Plaintiff's Request for Default (ECF No. 8).  Defendant asserts that Plaintiff filed the Request, but served Defendant at an incorrect address.  As

10

such, the Defendant asserts it did not realize an Answer was necessary, or had not

been filed, or that the matter had proceeded beyond the filing of a complaint, a fact

the Defendant alleges it did not discover until after Default Judgment was entered.

Def.'s Br., at 7–8.

The certificate of service filed that Plaintiff filed on the record with the

Court did contain an incorrect address for Defendant, by Plaintiff's own admission.

Pl.'s Br., at 9.  Nevertheless, the Plaintiff asserts that, despite the erroneous address

on the Request filed with the Court, the notice of default was mailed to

Defendant's correct mailing address and Defendant received it on March 21, 2013.

Plaintiff submits proof of mailing and delivery to corroborate this assertion.  See

Pl.'s Br., Ex. B.

In sum, this evidence may not unequivocally demonstrate "[r]eckless

disregard for repeated communications from plaintiffs and the court," when

viewing the facts most favorably for Defendant.  Hritz v. Woman Corp., 732 F.2d

1178, 1183 (3d Cir. 1984).  Nevertheless, the Defendant's dubious delays, coupled

with its lack of a meritorious defense, militate in favor of denying Defendant's

motion.

3.    No Prejudice to Plaintiff

"Prejudice exists if circumstances have changed since entry of the default

such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable." Accu-Weather, Inc., 779 F. Supp. at 803.  Requiring a plaintiff to litigate and establish the merits of its claim does not constitute prejudice in this context, "even though such a requirement may suggest impairment in common parlance." Griffin v. Lockett, 08-cv-01120, 2009 WL 179780, *2 (M.D. Pa. Jan. 26, 2009) (Rambo, J.).

In the instant case, it does not appear that the Plaintiff would suffer any prejudice from the removal of the default judgment.[3]  Despite the Plaintiff's lack of prejudice, however, the other more prominent factors weigh against granting the Defendant's motion.

C.    Interpleader

Fidelity Deposit and Discount Bank ("Fidelity"), the third-party Garnishee in this action, filed a Motion for Interpleader alleging that it holds a first priority security interest on all the accounts that the Defendant maintains at Fidelity that are subject to the Plaintiff's judgment. See Mot. Interpleader, Dec. 11, 2013, ECF No. 33.  Fidelity seeks an order dissolving the Writ of Execution and corresponding attachment on the Defendant's accounts.  See id.

---

[3] The Plaintiff asserted a caveat that it reserves the right to argue it suffered prejudice from spoliation of some evidence in the event the Defendant reneged on agreements and admissions concerning that evidence.  This is not currently at issue.

In its two page motion, however, Fidelity has offered little information besides its own averment that it holds a first priority security interest.  The brief is devoid of any law or strongly supported facts that satisfy the Court to a degree sufficient to grant Fidelity's requested relief.  Fidelity has neither alleged a basis for subject matter jurisdiction over its claim, nor provided the Court with legal citation and sufficiently probative evidence to corroborate its claims.  Consequently, Fidelity's motion is denied without prejudice.

Recently, on September 18, 2014, Fidelity filed another motion requesting the same relief and attaching exhibits in support of its claims.  When the motion is ripe because it has been briefed by the pertinent parities, or the time in which they are allowed to file briefs has expired, the Court will address Fidelity's claims.

## III.   CONCLUSION

The Defendant's Motion to Vacate Default Judgment is denied, primarily because the Defendant fails to assert a facially meritorious defense, and the record demonstrates the Defendant was aware of this suit and failed to litigate.  Third-party Garnishee Fidelity's Motion for Interpleader is denied without prejudice.

An appropriate Order follows.

BY THE COURT:


s/ Matthew W. Brann
Matthew W. Brann
United States District Judge